**The People of the State of Illinois ex rel. The Oak Park National Bank, a National Banking Association, as Trustee of Trust 8484, Anthony Rappolo and Robert W. Prendergast, Relators-Appellees, v. City of Chicago, a Municipal Corporation, and Joseph Fitzgerald, Commissioner of Buildings of the City of Chicago, Respondents-Appellants.**

Gen. No. 54,583.

First District, Third Division.

July 16, 1970.

Raymond F. Simon, Corporation Counsel of City of Chicago, for appellants.

J. J. O'Toole, of Chicago, for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiffs were granted a writ of mandamus compelling the City of Chicago to issue a permit for a multiple-family building they intended to erect in Chicago. The proposed building was in conformity with the applicable zoning ordinance, but the City refused to issue the permit on the ground that an amendment to the ordinance was pending in the City Council which, if passed, would prevent the construction. The permit also was refused for the reason that the building plans did not comply with the City code.

The pleadings and the evidence disclosed that the plaintiffs, in reliance upon the existing zoning ordinance, expended several thousand dollars for surveys, soil tests, architect's fees and the demolition of buildings on the property. After the plans were drawn, they submitted them to the City building department and applied for a permit. The department pointed out two errors in the plans and suggested corrections. The plaintiffs made the corrections and the plans were tentatively approved. The permit, however, was not issued.

The plaintiffs thereafter filed this mandamus action. The day after the suit was filed a zoning amendment affecting the plaintiffs' property was introduced in the City Council. Also, after the suit was filed, the building department made further objections to the building plans.

The Chicago City Council has not acted on the amendment and the plaintiffs, during the trial of this cause, altered the plans to meet the department's final objections. The City concedes that the issue concerning the pendency of their proposed zoning amendment is no longer relevant (See section 11.9–7, Zoning Ordinances,

City of Chicago) and that the last plans submitted by the plaintiffs eliminated all the building department's objections as to their compliance with the City Building Code.

The only remaining point advanced by the City in this appeal is that the writ of mandamus was improvidently issued because it was based on the building plans submitted by the plaintiffs during the trial; that these plans differed from the ones which existed when the mandamus suit was commenced but that the plaintiffs did not amend their complaint to show the change. This point was not raised by the City at the trial and cannot be raised for the first time on appeal. Hedrich v. Village of Niles, 112 Ill App2d 68, 250 NE2d 791 (1969). Moreover, the record shows that the supervising architect for the City's building department testified that the revised plans met all the requirements of the code and that the plans were introduced into evidence at the City's insistence.

The judgment of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.